# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **AMARILLO INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. _____** |
| | § | |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

## ORIGINAL COMPLAINT

TO THE HONORABLE MARY LOU ROBINSON, UNITED STATES DISTRICT JUDGE:

Plaintiff, Amarillo Independent School District ("AISD"), files this Complaint complaining of The Travelers Lloyds Insurance Company ("Travelers"), and would show:

### PARTIES

1.      **Parties.**  The parties are as follows:

a.  Plaintiff, Amarillo Independent School District, is an independent school district in the State of Texas, lying within Potter and Randall Counties, Texas, with its administrative office located in the City of Amarillo, Potter County, Texas.

b.  Defendant, The Travelers Lloyds Insurance Company is a Connecticut insurance company licensed to write property and casualty insurance in the State of Texas by the Texas Department of Insurance. On information and belief, it is an unincorporated insurance association none of whose members are believed to be Texas citizens. It may be served with citation by delivery to its registered agent as follows: CORPORATION SERVICE COMPANY, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

2.      **Jurisdiction.**  This is a civil action over which this Court has jurisdiction under 27 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

3.      **Venue.** Pursuant to 27 U.S.C. § 1391(b)(2) venue is proper in the Northern District of Texas, Amarillo Division, as a substantial part of the events or omissions giving rise to the claim occurred in, the payment under the contract of insurance which is the basis of this lawsuit is performable in and a substantial part of property that is the subject of the action is situated in Potter County, Texas.

## FACTUAL BACKGROUND

4.      AISD contracted with Travelers to insure the buildings owned by the school district in Potter and Randall Counties against direct physical damage or loss. The policy was in effect from January 1, 2013 to January 1, 2014. The catastrophic events which provide the basis of the underlying insurance claim occurred within the policy period.  At all times relevant, AISD paid the premiums, as required under the contract of insurance, performed all obligations under the contract and performed all conditions precedent to support the claims AISD asserts in this Complaint. .

5.      Travelers is a wholly owned affiliate of the Travelers Insurance Companies or the Travelers Companies, Inc., a multi-billion dollar international insurance conglomerate whose shareholder equity exceeds $24 billion. It sells property and casualty insurance under a Lloyds Plan to Texas entities, like AISD. While believed to have insufficient assets on its own to satisfy the claims it owes to AISD, a fact never disclosed to AISD in Travelers' policy of insurance issued to cover the losses which AISD seeks to recover in this lawsuit, Travelers is among a group of

affiliated companies, which according to the Travelers Companies Annual Statement, are 100% reinsured by The Travelers Reinsurance Pool.[1]

6.      On May 28, 2013, a hail storm hit the Amarillo and surrounding areas causing direct physical loss and damage to buildings insured under the Covered Property terms of the policy. Plaintiff alerted the carrier of the loss and otherwise complied with the policy conditions and terms.

7.      On June 10, 2013, Plaintiff and its roof engineer, Crenshaw Consulting Group, LLC, met with Defendant, and its roof consultant, RoofTech, to discuss the extent of the damage. Defendant and RoofTech inspected some of the loss locations on June 10 and 11, 2013. RoofTech continued its inspections of the loss locations from June 21 through July 4, from July 8 through July 11, and from July 25 through August 1, 2013.  At all relevant times, RoofTech was acting as the agent or representative of Travelers and under the control and direction of Travelers.  RoofTech's wrongful conduct is therefore imputed to Travelers.

8.      On August 23, 2013, Plaintiff received RoofTech's preliminary report which grossly undervalued the amount and extent of the loss to the covered properties. RoofTech supplemented its calculations with its final report on October 7, 2013, which again grossly undervalued the amount of the loss. At that time, it became apparent that Defendant and RoofTech were either conspiring to engage unfair settlement practices by grossly undervaluing the claim or were negligent, if not

---

[1] The Travelers Reinsurance Pool consists of: The Travelers Indemnity Company, The Charter Oak Fire Insurance Company, The Phoenix Insurance Company, The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of America, Travelers Property Casualty Company of America, Travelers Commercial Casualty Company, TravCo Insurance Company, The Travelers Home and Marine Insurance Company, Travelers Casualty and Surety Company, Northland Insurance Company, Northfield Insurance Company, Northland Casualty Company, American Equity Specialty Insurance Company, The Standard Fire Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, Travelers Casualty Insurance Company of America, Farmington Casualty Company, Travelers Commercial Insurance Company, Travelers Casualty Company of Connecticut, Travelers Property Casualty Insurance Company, Travelers Personal Security Insurance Company, Travelers Personal Insurance Company, Travelers Excess and Surplus Lines Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company, The Travelers Casualty Company, St. Paul Protective Insurance Company, Travelers Constitution State Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Discover Property & Casualty Insurance Company, Discover Specialty Insurance Company and United States Fidelity and Guaranty Company.

grossly negligent in their claims investigation practices. Entire properties were left off of RoofTech's final valuation and multiple properties had incorrect and inconsistent scopes of damage and values of loss.

9.      On March 17, 2014, a Travelers' General Adjuster wrote AISD indicating, "We have completed our investigation regarding your claim for hail damage to multiple buildings that are part of the Amarillo Independent School District."  Travelers then sent an "Actual Cash Value Payment" which it knew to be inadequate. Travelers later confirmed the inadequacy of its investigation by insisting on additional investigations. Because Travelers appeared bent on underpaying and under-valuating the loss, AISD hired Don Lamont to act as the public adjuster for the claim.

10.     Contrary to its representation that its investigation was "completed," Travelers insisted on returning to Amarillo approximately 19 months after the hail loss and an at least nine months after it misrepresented that its investigation was complete. From January 26 through 29, 2015, Don Lamont and Jimmy Miller from D.A. Lamont Public Adjusters, with Mark Garner and Larry McAllister from Crenshaw Consulting Group, LLC, met with Mark Lavy from Travelers and Rondi Perry from RoofTech in Amarillo. They inspected fifteen disputed locations, including taking core samples at several locations and observing water intrusion into the roofs and cracks, evidencing damage by hail.

11.     On Wednesday, February 11, 2015, Don Lamont and Royce Sandlin, with D.A. Lamont Public Adjusters met with Rondi Perry with RoofTech, and Larry McAllister with Crenshaw and inspected eleven more disputed locations, where damage to roofs, cap flashing, severe loss of granules, blisters, water intrusion and ponding, and dents in soft metals, was

observed. In an act of bad faith settlement practices, Defendant refused to send Mark Lavy, the adjuster with the authority to adjust the loss, to the February 11, 2015 inspections.

12.     After receiving two letters from AISD counsel demanding full payment for the loss, Travelers made an additional inadequate payment, a confirmation of its unfair settlement practices and bad faith.  RoofTech then issued still another report intended to further Travelers' pattern and practice of dissembling and delaying its responsibilities to pay the claims. Defendant has consistently refused to make meaningful attempts to settle the AISD claims and has actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim, in violation of the Texas Insurance Code by:

    a.   mishandling core samples for gravimetric testing, including refusing to place the samples in a controlled environment, intentionally allowing samples to be spoiled, and drying samples with a torch before extraction;

    b.   refusing to send adjusters with authority to adjust the loss to meetings and inspections;

    c.   refusing to perform moisture testing on roofs and ignoring moisture tests  properly performed;

    d.   refusing to acknowledge core sample reports and moisture tests showing hail damage;

    e.   misrepresenting the value and scope of hail damage losses at covered properties both verbally and in writing;

    f.   colluding with Defendant's experts to misstate the value and devalue the damages;

    g.   unreasonably delaying settlement offers on location valuations despite the insurer's liability becoming reasonably clear;

h.   unreasonably delaying settlement offers on locations where Defendant has provided expert documentation of the value of the loss;

i.   refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

j.   misrepresenting that an investigation had been completed when it had not been completed;

k.   making untrue statements of material fact about the scope and value of the damages;

l.   failing within a reasonable time to affirm or deny coverage of a claim;

m.   failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

n.   compelling AISD to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered;  and

o.   failing to timely pay claims.

13.   AISD has provided to Travelers all information necessary to pay the claim. All prerequisites for payment have been met.

14.   Travelers continues to refuse to pay the amounts owed under the policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

15.   **Breach of Contract.**   Plaintiff incorporates the allegations of paragraphs 1-12 the same as if fully set forth herein. Plaintiff and Defendant entered into an insurance contract. Plaintiff complied with all provisions of the insurance policy. Defendant breached a material provision of the contract by refusing to pay amounts owed under the insurance contract after a loss. Plaintiff was damaged by Defendant's breach.

16.     **Violations of the Texas Insurance Code.**     Plaintiff incorporates the allegations of paragraphs 1-12 the same as if fully set forth herein. Travelers failed to, with good faith, effectuate a prompt, fair, and equitable settlement of AISD's claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a)(2)(A). Specifically, Travelers refused to pay for repair or replacement of the roofing structures, exteriors, and HVAC units after being presented with information of both the scope and the value of the loss sustained by AISD. AISD is entitled to its actual damages plus an 18% penalty.

17.     Travelers further refused to pay the AISD claims without conducting a reasonable investigation with respect to those claims in violation of Texas Insurance Code Section 541.060(a)(7). Specifically, Travelers represented or implicitly represented that their claims representatives, including Roof Tech, Mark Lavy, and Rondi Perry, would be objective when they were not. Travelers also failed to disclose its business relationships with those individuals and firms who were sent to evaluate AISD's claims and this failure to disclose was intended to induce AISD into accepting undervalued or denied claims.

18.     In addition, Travelers refused to timely investigate the claim, including the failure to adequately investigate the scope and extent of the loss, failure to timely investigate the applicability of City of Amarillo code provisions to the claim, and the failure to adequately investigate the scope and damage estimates provided by AISD's representatives, D. A. Lamont Public Adjusters and Crenshaw Consulting Group, LLC.

19.     Travelers also refused to perform an adequate investigation, instead, allowing inspections and scientific tests, such as core sampling, to be intentionally mishandled, so as to have evidence with which to undervalue the claim.

20.     Additionally, Travelers failed to promptly provide AISD with a reasonable explanation of the basis in the policy, in relation to the facts of the claim, for the Travelers' denial of coverage to certain damage and failed to promptly provide AISD with a reasonable explanation of the basis in the policy, in relation to the facts of the claim for Travelers' refusal to accept AISD's offer of compromise settlement in violation of Texas Insurance Code section 541.060(a)(3).

21.     Further, Travelers has committed unfair acts and practices in violation of Texas Insurance Code section 541.061 by:

   a.   making untrue statements of material fact concerning the policy, the scope of damage, and coverage for the loss under the policy;

   b.   failing to disclose material facts necessary to make other statements misleading; and

   c.   making statements in a manner that led AISD to false conclusions of material fact.

22.     Specifically, Travelers, directly and through its agents, misrepresented the scope of the loss, the cost of repairs, the coverage for the loss under the policy, the objectivity and competence of Traveler's claims representatives, and the applicability of the City of Amarillo's ordinances to the proposed repairs. These misrepresentations were made by Travelers' General Adjuster on site and its on-site RoofTech representative during the claims process.

23.     Travelers acted knowingly and intentionally. AISD was damaged by Travelers' acts and omissions. AISD is entitled to its actual damages and additional or exemplary damages as allowed by law, including treble damages and attorney's fees under Texas Insurance Code section 541.152.

24.     **Negligence.** Plaintiff incorporates the allegations of paragraphs 1-12 the same as if fully set forth herein.  Traveler's owed a duty to AISD to perform a reasonable and thorough investigation. Travelers was negligent and grossly negligent in conducting its inspection and

investigation. Initially, it did not consider locations that suffered damages, but Travelers nevertheless tried to settle AISD's claims.  Further, Travelers and its agents failed to conduct proper testing to determine the scope and value of losses. These breaches of Travelers' duty caused damage to AISD.

## ATTORNEYS' FEES

25.     **Attorneys' Fees.**  As a result of Defendant's failure to pay the amounts due and owing under the policy, Plaintiff retained the undersigned counsel. Plaintiff agreed to pay the undersigned counsel a reasonable fee. Plaintiff is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code section 37.009 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

26.     **Jury Demand.** Plaintiff requests a jury.

## PRAYER

27.     Plaintiff prays that Defendants be cited to appear and answer herein and upon hearing that Plaintiff recover judgment against the Defendants for the following:

      a.   actual damages;

      b.   attorneys' fees for services rendered and that are allowed by law;

      c.   post-judgment interest and costs;

      c.   treble damages, and exemplary damages as allowed by law;

      d.   18% penalties and interest as allowed by law; and

      e.   all other relief Plaintiff may show itself entitled to in law or in equity.

Respectfully submitted,

Kelly Utsinger
State Bar No. 20416500
kelly.utsinger@uwlaw.com
Andrea Slater Gulley
State Bar No. 24045994
andrea.gulley@uwlaw.com
Jennie C. Knapp
State Bar No. 24066063
jennie.knapp@uwlaw.com
Benjamin D. Doyle
State Bar No. 24080865
ben.doyle@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, TX 79105
Telephone: (806) 376-5613
Fax: (806) 349-9476

/s/ Kelly Utsinger